UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY DEMETRIS IRBY,<br><br>           Plaintiff,<br><br>    v.<br><br>NARANJO, *et al.*,<br><br>           Defendants. | Case No.  2:21-cv-01039-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 7<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED, OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

      Plaintiff alleges that, while he was incarcerated at the Solano County Correctional Facility, defendant Naranjo failed to prevent him from attempting suicide. ECF No. 1 at 3. His claims, taken as true, state a potentially viable claim against defendant Naranjo. He has not adequately pleaded claims against any other defendant, however. Plaintiff may elect to proceed only with his claim against Naranjo or he may file an amended complaint. I will also grant his application to proceed *in forma pauperis*. ECF No. 7.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on January 26, 2021, he pressed the emergency button in his cell to alert the officer on duty that he was feeling suicidal. ECF No. 1 at 3. Defendant Naranjo, however, was not in the jail control booth and did not respond to plaintiff's call. *Id.* When no officer responded, plaintiff attempted to hang himself and sustained injuries to his neck. *Id.*

2

Plaintiff alleges that Naranjo left the control booth unattended. *Id.* at 3-4. He also claims that Naranjo "purposefully" ignored the call light in the control booth by entering the booth, turning off the relevant alarm, and then departing. ECF No. 1 at 3. Assuming that plaintiff was a pretrial detainee, these allegations are sufficient to state a deliberate indifference claim against defendant Naranjo. The Ninth Circuit has held that, where the plaintiff was at the relevant time a pretrial detainee, he or she must show that the defendant acted with "more than negligence but less than subjective intent—something akin to reckless disregard." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018) (quoting *Castro v. City of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). Plaintiff's allegations against Naranjo, taken liberally and as true, meet this standard.

Plaintiff's claims against the County of Solano and the Solano County Sheriff's Department fare less well. He vaguely alleges that these defendants bear some responsibility for his injuries because these entities require officers like Naranjo to perform "other work-related duties" while manning the control booth, distracting officers from incoming calls. ECF No. 1 at 4. Plaintiff never alleges that these other duties, whatever they might be, were the cause of Naranjo's failure to respond in this instance, however. If any claim is to proceed against the county, plaintiff must specifically allege how its practices or policies led to his injury.

Plaintiff must decide whether to proceed only with his claim against Naranjo or to delay serving any defendant and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is granted.

2. Within thirty days from the service of this order, plaintiff must either submit a notice

3

that he intends only to proceed with his claim against Naranjo or an amended complaint. If he selects the former option, I will recommend that all other defendants be dismissed.

    3. Failure to comply with this order may result in the dismissal of this action.

    4. The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    December 3, 2021                                              
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4